

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

GDA:WYC
F.#2006R02252

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

September 4, 2008

**By ECF and Hand Delivery**
The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:   United States v. Louis Deccico
              Criminal Docket No. 06-800 (SLT)

Dear Judge Townes:

     The government writes in anticipation of the defendant Jerome Asaro's sentencing, scheduled for September 15, 2008 at 10:00 a.m., and in response to the defendant's sentencing submission, filed on August 27, 2008.

     The defendant objects to the advisory Guidelines calculation contained in the presentence report ("PSR") insofar as it: (1) includes consideration of relevant conduct to which the defendant did not plead guilty (PSR ¶¶ 144-155) and (2) fails to include a two-level reduction based on the global disposition in this case (PSR ¶ 3).

     First, with respect to relevant conduct to which the defendant did not plead guilty, the government elects not to offer proof of that conduct.  The government takes this position consistent with its plea agreement with the defendant, and for strategic reasons, including the desire not to expose cooperating witnesses and evidence at this time.

     Accordingly, the defendant's total offense level is 20, which carries an advisory range of imprisonment of 41 to 51 months, assuming a Criminal History Category of III:

2

<u>Racketeering Act 18 (Illegal Gambling – Bookmaking)</u>

    Base Offense Level (2E2.1(a))                             12

<u>Racketeering Act 26 (Ext. Coll. Credit - John Doe #11)</u>

    Base Offense Level (2E2.1(a))                             20

<u>Multiple Racketeering Act Analysis (3D1.4)</u>

    Highest Adjusted Offense Level                         20

|  | Units |
|---|---|
| Racketeering Act 18 | ½ |
| Racketeering Act 26 | +1 |
| Total | 1 ½ |

    Adjustment to highest offense level                      +1
                                                                                   21

    Plus: Defendant was Manager or Supervisor (3B1.1(c)) +2[1]

    Less: Acceptance of Responsibility (3E1.1(b))      -3
                                                                              20

    Second, consistent with the Court's prior rulings as to the global disposition in this case, the government does not oppose the imposition of a sentence outside the above advisory Guidelines range by factoring in a two-level reduction in recognition of the substantial savings in resources obtained by the global disposition in this complex multi-defendant case.  The resulting offense level is 18, which carries a range of imprisonment of 33 to 41 months.

    Finally, consistent with the plea agreement, the government takes no position where within the advisory Guidelines range the defendant should be sentenced, nor will the government make any application for an upward departure.  The government

---

    [1] Although the PSR awarded a 4-level role enhancement in its calculation under Racketeering Act 18 and a 2-level role enhancement in its calculation under Racketeering Act 26 – rather than only a 2-level role enhancement as to all of Count One, as estimated in the plea agreement – both approaches result in the same final offense level of 20.

nevertheless opposes any additional downward adjustment – whether pursuant to Section 3553(a) or any Guidelines provision.

                              Respectfully submitted,

                              BENTON J. CAMPBELL
                              United States Attorney
                              Eastern District of New York

By:   /s/_____
       Greg D. Andres
       Amy Busa
       Winston Y. Chan
       Assistant U.S. Attorneys

cc:   Clerk of Court (by ECF)
      Defense Counsel (by ECF)